UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SIRUS MASTERS,**

      **Plaintiff,**

  v.                            **Civil Action 2:24-cv-3697**
                                     **Judge James L. Graham**
                                     **Magistrate Judge Chelsey M. Vascura**

**JEFFREY SAMICH,**

      **Defendant.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Sirus Masters, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons below, the undersigned **RECOMMENDS** that the Court **DISMISS** this action under § 1915(e)(2)(B) for failure to assert any claim over which this Court has subject-matter jurisdiction.

I. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, Courts must *sua sponte* dismiss an action upon determining that an *in forma pauperis* complaint fails to state a claim on which relief can be granted. Thus, a typical initial screen involves consideration of the merits of the claims asserted. Here, though, upon review of Plaintiff's Complaint, the undersigned determines that it is unnecessary to consider the merits of the claims he advances because this Court lacks subject-matter jurisdiction to hear such claims. When the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urb. Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

II. ANALYSIS

Plaintiff alleges that Defendant Jeffrey Samich kidnapped Plaintiff's daughter twice, once when she was one year old and once when she was six years old. Plaintiff also alleges that Defendant has defamed Plaintiff and fraudulently caused Plaintiff's daughter and mother to give Defendant custody of Plaintiff's daughter and possession of various assets. (Compl., ECF No. 1-1.)

Plaintiff's allegations fail to provide a basis for a claim over which this Court has subject-matter jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for federal-question jurisdiction, and § 1332, which provides for diversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (cleaned up). Federal-question jurisdiction is implicated when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id*. For a federal court to

have diversity jurisdiction under § 1332(a), complete diversity of citizenship must exist (which means that each plaintiff must be a citizen of a different state than each defendant) and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Federal Rule of Civil Procedure 8(a)(1) requires a pleading to contain "a short plain statement of the grounds for jurisdiction." Fed. R. Civ. P. 8(a)(2). Thus, "a plaintiff seeking diversity jurisdiction [must] set forth the factual basis on which that jurisdiction is predicated." *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("[I]t is to be presumed that a cause lies outside [the Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."). Although this pleading standard does not require "detailed factual allegations," a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

Plaintiff here advances claims for kidnapping (which the undersigned construes as an intentional tort claim for false imprisonment), defamation, and fraud, all of which are governed by state law. *See McClain v. State*, 172 Ohio St. 3d 213, 217 (2022) (false imprisonment); *Anderson v. WBNS-TV, Inc.*, 158 Ohio St. 3d 307, 309 (2019) (defamation); *State ex rel. Seibert v. Richard Cyr, Inc.*, 157 Ohio St. 3d 266, 274–75 (2019) (fraud). Plaintiff's Complaint therefore does not implicate federal question jurisdiction. Nor has Plaintiff alleged that he and Defendant are citizens of different states. Indeed, Plaintiff's filings indicate that Plaintiff and Defendant are both residents of Columbus, Ohio. (*See* Request for Issuance of Summons, ECF No. 1-3.) As a result, Plaintiff also cannot establish diversity jurisdiction. Thus, Plaintiff has failed to plausibly allege facts on which the Court could rely to conclude that this Court has subject-matter jurisdiction over his claims.

3

### III. MOTION TO APPOINT COUNSEL

Plaintiff also moves for the appointment of counsel. (ECF No. 2.) Although Plaintiff is proceeding *in forma pauperis*, appointment of counsel is discretionary under 28 U.S.C. § 1915(e); appointment of counsel in a civil case is not a constitutional right. *See Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Rather, "[i]t is a privilege that is justified only by exceptional circumstances." *Id*. at 606. The Court has evaluated whether such exceptional circumstances exist and determines that the appointment of counsel is unwarranted at this time. Accordingly, Plaintiff's Motion for Appointment of Counsel (ECF No. 2) is **DENIED**.

### IV. DISPOSITION

For the reasons set forth above, Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) (ECF No. 1) is **GRANTED** and Plaintiff's motion for appointment of counsel (ECF No. 2) is **DENIED**. It is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint under § 1915(e)(2) for failure to assert any claim over which this Court has subject-matter jurisdiction.

### **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE